Please be seated. Good morning, everyone, and welcome to the Ninth Circuit. Judge Wallace and I are very pleased to be sitting with Judge Lasnik, who's sitting by designation from the Western District of Washington. We're thrilled to be sitting with him and thank him for his help. Thank you very much. We have a few cases that are two cases that are submitted on the briefs today. Wallace v. City of San Jose, 18-16083 is submitted. And Baird v. Samsung, 18-16579 is submitted. We'll hear the remaining cases in the order in which they appear on the calendar. The first is Collaborative Continuing Education Council v. Starks Realty Group, 18-16247, and each side will have 15 minutes. Good morning, Your Honors. My name is Sharon Urias, and I represent the appellants, Collaborative Continuing Education Council, and Kelly Murray. I would like to reserve three minutes for rebuttal. May it please the Court. This case arises out of the district court's order denying appellants motion for an award of attorney's fees under the exceptional case provision of the Lanham Act after acceptance of a $15,000 Rule 68 offer of judgment. With respect to the prevailing party issue, the district court erred for two principal reasons. First, appellants are the prevailing parties under the holding of Farrar v. Hobby by virtue of accepting the offer of judgment. In Farrar, the Supreme Court held that a nominal judgment of $1 supported prevailing party status. And here, there was an acceptance of a $15,000 judgment, which is more than nominal and more than enough to confer prevailing party status on the appellants. And even if the judgment were... Let me make sure I understand. You're relying, I guess, on Buchanan, right? Pardon me, sir? You're relying upon the Supreme Court case of Buchanan? We're primarily relying on Farrar v. Hobby, Your Honor. But we don't believe that Buchanan precludes prevailing party status because in that case, the actions taken by the defendants were only voluntary. There was nothing that was judicially compelled, as there was in our case, where the defendants were forced to pay a judgment and it materially altered the legal relationship between the parties. Well, you read only the majority opinion, but in Buchanan, it was a 5-4 decision. There was a concurrence by Justice Scalia joined by Judge Thomas. In those cases, we can't take just the majority opinion, which they joined, but it has to be modified by the two concurring. If they didn't concur, they wouldn't have a majority. That's the way we interpret that, according to our law. So if you look at the Scalia concurrence, it's very clear that he says that something less reasonable, an award of attorney's fees when the merits of the plaintiff's case remain unresolved, when all knows that a defendant is only trying to get attorneys, pay some attorney's fees, et cetera. He has a different analysis than the one that you've articulated in your brief and is far closer to what the district judge found in this case. So assuming, if you wouldn't mind, using the analysis governing the Supreme Court cases, which all of us seem to agree is Buchanan, as interpreted by how we have to interpret the concurring opinion of Justice Scalia and Justice Thomas, why can't we say that the district judge followed specifically that law and we ought to affirm? Well, Your Honor, we did not proceed under the catalyst theory. Farrar v. Hobby is still a good law, and it was not overruled by Buchanan. And in that case, the damages and were only awarded $1. That has been relied upon even in the recent case that we cited out of the District of Arizona, the Gary v. Carbon Cycle, Arizona case, where the court relied primarily on Farrar v. Hobby, also cited to the Delta case for the proposition that by virtue of an offer of judgment in that case, it was $5,000 and a $250 offer of judgment. The defendants also structure that offer exclusive of fees and costs without an admission of liability, similar to what happened here. So in our case, where the parties, where the plaintiffs obtained an enforceable judgment, it became judicially sanctioned once the order of judgment was entered by the court. But if it's just the cost of litigation, they aren't losing any money by offering under the statute what it would cost to try the case. And so isn't that the kind of case that Justice Scalia and Justice Thomas are referring to? At least that's what their, their wording says in their concurrence. I don't think so, Your Honor. No, that isn't what they said. Well, one reason is because the $15,000 was not the cost of litigation. The offer of judgment was exclusive of attorneys' fees and costs, and it represented damages that were sought by the plaintiffs. So that's one point. How do you, do you mean it said that in the offer? The offer was exclusive of fees and costs, Your Honor. Did it say that? Yes, it did say that, without admission of liability. And the defendants are the authors of their own offer. They very well could have made it inclusive of fees and costs, and they chose not to. So as I understand it, the Fourth and Eleventh Circuits have already held that Rule 68 judgments like you have here count for being a prevailing party. It seems like that's utility automation and grisom. You barely mentioned, I think you only mentioned one of those cases, and barely mentioned them at all. I'm not sure why, because it seems like we would create a circuit split if we ruled for your opponents, and you could have made a better point of that. But is there some reason why you were shying away from those cases? No, there's not a reason for that, Your Honor. We do think that based on the holding of Farrar, it appears that just by virtue of accepting an offer of judgment, that would create prevailing party status, which is the threshold question that should have been reached by the district court before even touching the question of exceptionality or an entitlement to fees. And that's what the Fourth and Eleventh Circuits have already held. Yes. And, Your Honor, so with respect to that analysis, the district court also erred because with respect to that determination of the threshold question of prevailing party status, the district court applied a degree of success in litigation standard, which would be applicable to the question of exceptionality under Octane Fitness, but would not be applicable to the threshold question of whether the plaintiffs were prevailing parties in the litigation. So even if you prevailed, you'd still have to show that this is an exceptional case. And I'm not sure what's wrong with the footnote one in the court's opinion saying that this is not an exceptional case. Because the court did not apply any of the factors that are laid out in Octane Fitness. It did not give this court an opportunity to make a meaningful review of the record to see what the basis for that decision was.  It gave some explanation. It doesn't give no explanation. There's no analysis of the Octane Fitness factors. And so do we have a case that says it's automatically an abuse of discretion to not go through every factor? No, Your Honor, but it does not allow for a meaningful opportunity for this court to review whether it was an abuse of discretion in making that determination. What we are asking this court to do is to find, as a matter of law, that the plaintiffs were the prevailing parties and to remand it to the district court for an analysis of the Octane Fitness factors to determine whether the case would be exceptional. And there also, we pointed out in our briefs, Your Honors, that the district court relied on an inaccurate summary of the record. And we pointed out that some of the actions, for instance, that were taken by the defendants with respect to corrective action was done after the filing of the complaint, not before the filing of the complaint and after the service of a demand letter. Was this called to the district court's attention? Did you make a motion? We did not make a motion for reconsideration. Well, if it's as clear as you say it is, and I'm having difficulty finding it clear, but taking that you're as clear as you say, had you objected to the district judge, the district judge would have an opportunity to make the corrections if you're right, and we would never be up here. Usually, we call that waiver. I understand that, Your Honor. We made a factual record before the district court, and the district court made her conclusions in the order that we've appealed today. But you did not call specifically to the district court's attention what you're calling to our attention. We did not file a motion for reconsideration. Why wouldn't that be a waiver? I think that what it goes to, Your Honor, is the question of the standard of review that is applicable here in this court as to whether it would be an abuse of discretion or whether the court would be able to remand it to the district court to order her to reconsider all the factors, including the correct factual record that we relied upon. I think that's true, but we do have, we try to be fair with the district judge and not bring things up that weren't brought up to the district judge. Do you have some authority that in this case you can wait until you get to the court of appeals and not call it to the attention of the judge so that the judge in the first instance can make corrections and maybe even find in your favor? Well, I don't think that it is a correct characterization to say that we did not point it out to the district court judge. I think that it was clearly laid out in the record before the district court judge, and the district court judge relied on pre-filing conduct for the purpose of finding that the conduct by the defendants was voluntary as opposed to compelled by the filing of the complaint. So you're asking for an opportunity to go back before Judge Bolton and ask her to consider things that, I mean, she's a highly experienced district court judge, right? She's been there for over 20 years, and didn't she, isn't it more than likely she looked at everything and came to this conclusion already? I don't know if that's the case or not, Your Honor, and I don't think that we can draw that conclusion merely by looking at the, you know, three or four line footnote in the decision. I think, as we said, the threshold question, the primary question before this court today is whether the plaintiffs were the prevailing party and whether Judge Bolton erred by making that determination, using the wrong standard, looking at the degree of success in litigation as opposed to looking at the results obtained and also looking at the amount of the judgment. But because you can't actually get fees, you can't actually get a reversal or a different outcome unless you can get over this exceptional case issue. I'm just not sure what the point is of doing more work on prevailing party if you're going to lose anyway. Well, there is a value to obtaining prevailing party status. And this, and as we explained in our briefs, we have two competitors in a very small market. It's a very niche market where these are two of the principal people who are in this market. And this case has been watched. It is being watched by people who know what is going on in this particular industry. And there is a value to obtaining prevailing party status. I see. So you want us to say that you're a prevailing party even if it doesn't cause you to win this case. That is correct. And I have reserved three minutes for both. Thank you. Good morning, Your Honors. My name is Ken Modolenich-Salas. I'm here on behalf of the appellees in this case. I did want to address briefly one point that Judge Wallace made about waiver. There is a case which is on point, the Novato Fire Protection District v. United States, which was cited both by appellants and by appellees. And it's our position that the appellants did waive those arguments of raising these errors that Judge Bolton allegedly made in her decision. In that case – Well, wait, I'm very confused now because you are acting like the footnote doesn't even exist, as far as I can tell. Your brief probably waives reliance on the footnote, which helps you. And so I'm very confused why instead of defending this footnote that you're now saying they waived a challenge to, now you're saying – I'm referring, Your Honor, to the point that she made that the appellants had stated that Judge Bolton erred in her order. Yeah, by not writing more in the footnote. And you might be able to win based on this footnote, but instead of trying to win based on this footnote, you've argued that the footnote doesn't exist. No, no, no. Your Honor, we believe that the footnote does exist. Well, but your brief says she didn't make a ruling on exceptional case, and, in fact, she did. Well, she made an observation in that order that had this – even if they were prevailing parties, Your Honor, that they would not have – it would not be an exceptional case based on her analysis of the record. And we abided by that decision. And we did analyze in our brief that even if this case, if this panel were to weigh the factors of octet fitness, it is our position that looking at the record, as Judge Bolton did, that it is not an exceptional case. But I understood you to say you should remand for this, and we should win it. Or maybe you should reach it in the first instance. But I don't see you ever saying she already ruled on this. Can you point me to anywhere in your brief? Because I'm worried about whether you waived a basis that we might be able to rule for you on. Well, Your Honor, I did address in our brief that the appellees did not waive any of the arguments below because we can rely on anything in the appellant's brief and the evidentiary record in support of any argument for affirming the district court's decision. Okay. So where in your brief do you say, please affirm based on the ruling in the footnote? Well, first we addressed the prevailing party status, Your Honor. And under Buchanan, there is two requirements. There is a judicial sanction prong, and that gives a material alteration of the party's legal relationship and materiality. Yeah, I think you're not answering my question. Where did you argue, please affirm based on the ruling, that this is not an exceptional case? We didn't address that point, Your Honor. What we did is we said we believe that the Judge Bolton made the right decision with respect to prevailing party status. So what should we do if we think you're wrong about that? Then if that's wrong, then the court would remand. So you're doing it again. You don't want us to just affirm on the basis of the footnote? No. Well, we believe you can affirm based on the basis of the footnote. Everything in the record there is there for this court to affirm. But you just said we should remand. No, no. I said it's your discretion. I mean, you can remand if you wish. However, it's our position that under Buchanan, we have already established in the record, and for the reasons I've set forth in the brief, the materiality prong is not established here because the appellants at the district court level sought extensive equitable relief. They sought $500,000 worth of statutory damages. Yeah, but Farrar says it doesn't matter. I mean, it doesn't matter how big the judgment is. I mean, it may be that they're a prevailing party, but when you get to the analysis of how much they should get, it should be zero because they didn't win very much. But I don't understand how you get to the idea that they're not a prevailing party because Farrar says it doesn't matter how much. There are two other circuits that have already ruled on this, and we have a bunch of cases that talk about judicially enforceable judgments being a prevailing party. And there are extensive cases in this court. There's the Klamath decision. Yeah, but the Klamath decision, that's the Seacoast. Is that Seacoast? No, sorry. Well, Seacoast Foods also is a case similar to this, which has a discretionary fee-shifting statute. There was a Lanham Act claim encased in that issue. They accepted 12.5 percent of the statutory damages. But there were, like, 12 claims in that case, and only one of them was eligible for fees, and there was no reason to think that the judgment was based on the one rather than the other 11. Right. But here, the way that they got their 15,000 is based on statutes that allow fees, right? Right. And the Kadkin case. So it's totally different than Seacoast. Well, no, it's similar, Your Honor. Also, Kadkin is a copyright case where there is an acceptance of an offer of judgment, and yet the parties were not found to be prevailing parties and they did not get their fees. That's also discretionary fee-shifting statute 17 U.S.C. 505. So these are cases where you have to have a material alteration in the judicial sanction. There is a judicial sanction here. The accepted offer of judgment is judicial sanction. However, the relief afforded therein is not material in the context of the relief that they sought, which is what Klamath states. Klamath states you have to look to see what is the context of the relief that the parties sought. They sought a half a million dollars. They sought extensive equitable relief, transfer of five domains. They sought a disgorgement of profits. All those things were absent from the accepted offer of judgment. There was no mission of liability. These are all factors. But there was no – wasn't Klamath – I'm just trying to refresh on Klamath. Wasn't Klamath not – I mean, they won $15,000. There's no monetary judgment in Klamath, is there? I don't recall, Your Honor. I don't think there is. No. So they have a judgment that two other circuits have said once you get one of these judgments under Rule 68, that is already prevailing party status exactly on point. But we have a bunch of cases, Barrios, Richard S., that say a judicially enforceable settlement is prevailing party. I don't understand how this is not a judicially enforceable settlement. They got money. They didn't get nothing. Right. You might later say even though they're prevailing, the amount of fees should be tiny or maybe even zero. But I don't know how you're getting to they're not prevailing at all. The cases in this circuit are mixed. It seems like there's two paradigms. There's – for cases where there's discretionary fee status, more – the court has given more discretion to determine prevailing party status versus the statutes that have mandatory fee shifting like the Equal Access to Justice Act, the Americans with Disabilities Act. Those kinds of cases where you have mandatory fee shifting, it seems like this court and the district courts applying its decisions will more likely find prevailing party status. There are numerous district court decisions in this district that have – But why doesn't that just go to you after you figure out prevailing party status, which seems like really a yes or no question based on whether they got a judicially enforceable judgment, which they did. They got a judgment that says you had to pay them. Right. And you could later say, well, but it's discretionary and you shouldn't give fees because – either because it's not exceptional or because they didn't win enough to justify fees. Prevailing party status, Your Honor, requires more than just receiving a judicial sanction. It has to have a judicial sanction and therein has to have a material alteration of the party's relationship. That is absent here. That is absent here, Your Honor. It's a catalyst theory, but this isn't a catalyst theory. Yes, but we have the Abidental case from Nevada, the district court in Nevada, the Oregon district court Killer Burger case. We're not bound by any district court cases. No, but that's applying your decisions, Your Honor, where you have to look for material alteration of the legal relationship, which is absent here. Okay? The volunteering is – How is that even true? Because it is a material alteration. You had to pay them $15,000. Right. In the context of what they sought, Your Honor, Klamath says you have to look in the context of what they sought. What they sought was half a million dollars. That was a half a million dollars, Your Honor. $15,000 is a 3 percent. Seacoast was 12.5 percent, and yet this Court held, no, you're not prevailing parties when 12.5 percent was paid over. That was a major difference, Your Honor, between those cases and this case. I don't think there was any money that changed hands in Klamath. So I, again, don't really think Klamath is a great case for you. No, but Seacoast Foods is, Your Honor. Seacoast Foods, it's the one claim out of 12, and that's a very different situation. Right, but those are also discretionary fee-shifting statutes. There was no mandatory fee-shifting case there. And the district court here said you can look at the voluntariness of the actions only after you've determined that there is a material alteration in the prevailing party status. That is footnote 8 in the Klein decision. You can look at the voluntariness of the actions, but you can only look at that in the context of the reasonableness of the awards to be afforded after prevailing party status has been established. You're saying that you voluntarily gave them $15,000. No, no, I'm talking about the equitable relief, Your Honor, that we voluntarily But because, so you're citing a lot of cases that are only about equitable relief, but this case isn't only about equitable relief. Right. They got a damages award. Right. This case is also about equitable relief because that's absent from the accepted offer of judgment. That's the main part, Your Honor, of what they sought by filing the lawsuit. They sought extensive equitable relief, which was voluntarily given. And that, as Justice Scalia actually said in the But they also got damages. So, I mean, you could argue later, after they're a prevailing party, that, okay, they're a prevailing party, but as a matter of discretion, don't give them fees because they really didn't get very much. Could you finish your sentence? Yes. Well, Justice Scalia in his book, Justice Scalia in his book, Canon Concurrent, said using Farrar in a case such as this would enshrine error that was improvidently suggested. You have to take a step back and look at the full context of what the plaintiffs wanted in this case. They wanted five domain names transferred. They wanted prescription. Is Justice Scalia only talking about the catalyst theory? He's talking about the catalyst theory. And the catalyst theory, Your Honor, here is what allowed them to get most of their relief in this case. Most of the relief they got in this case from voluntary actions. It's absent. It's not in the four corners of the accepted offer of judgment. That only has $15,000 out of $500,000 sought, Your Honor. That was what we say is a nuisance value that doesn't have the judicial teeth to add merit to their case. So how do you distinguish the other circuits' cases? How do you distinguish utility automation and Shaka Tawachi? Your Honor, I was looking at the cases. I know there was the Ex Lear case. Sorry, that was both of them. I think that's the – is that the Ex Lear case from the 11th Circuit? The 11th Circuit case is utility automation versus Shaka Tawachi. Oh, I was referring to the – And then there's Grissom versus the Mills Corporation, which is the 4th Circuit. And both of them have held that when you get a Rule 68 judgment, you're a prevailing party. Right. But, Your Honor, there's two issues here. You have to get judicial sanction, which they got. But within the four corners of judicial sanction, there is no material alteration of the legal relationship. As the Ex Lear decision, which is a 10th Circuit decision that I cited in the brief on page 34, there has to be a judicial statement that lends judicialty to the merits of the plaintiff's case. That is absent here, Your Honor. There is no omission of liability. There is 3 percent of the total amount of statutory damages wanted. There's no disgorgement of profits. The plaint – the defendants all along the course of litigation, both before and after filing the complaint, tried to make amends to the – to address the issues the plaintiffs raised, transferred four domain names, stopped using the trademark. We tried to do everything we can in our power, and we paid a nuisance value in order to end the litigation. And with no omission of liability. And under this Court's precedent, Seacoast Foods, we have the 56th Road Music Case, and also some of the other circuits which I cited in our brief, you have to have judicial teeth in those four corners. They have the four corners. They have the piece of paper. But it has no weight. There's no material alteration of the plaintiff's relationship within those four corners. Judge Bolton, in her prudence and her extensive – extensive experience, looked at the whole case. Can you point to any case where there was a judicially enforceable damages award under Rule 68, where it was held that the party that won was not a prevailing party? Where there was – No, where the party that got the damages under the Rule 68 offer that the court was able to enforce, where a court said that's not a prevailing party's situation. I believe in the – that was in Seacoast Foods, if I'm not mistaken. That had an accepted offer of judgment. I don't think so, because there – there, that's the one claim out of 12. I'm sorry. Get to the end of his sentence. No, no. I was letting – letting Your Honor – Judge Friesland finish. I'm sorry. Go ahead. You were going to say that Seacoast Foods is – is one of these examples. Go ahead and explain why. I believe Seacoast Foods is one of those. We did have an offer of judgment, which was accepted. But so how do you get around the point that in Seacoast Foods, there was only one statute out of 12 that allowed for fees, and there was no indication that that was the basis of the judgment? Well, in our case, we don't have any indication that was a judgment either. We also have common law claims that were at issue here, not just Lanham Act claims. The plaintiff here had Arizona common law claims, also had Lanham Act claims. So we have – The common law claim was overlapping with the conduct of the Lanham Act claim. And in the Seacoast Foods, that is not true, because the 12 claims were very different in the kinds of conduct they were attacking, and most of them had nothing to do with theft, and it was only the theft that had the fees. Right. If I'm not mistaken, the KADKIN case, KADKIN v. Luce, the copyright case, 569F3-1142, which was cited on page 20 of our brief, if I'm not mistaken, that also had – that was a copyright case. It was an acceptance of an offer of judgment. And they also have a similar statute. It's not exceptionality, but it's 17 U.S.C. 505, which says that the court may, to its discretion, may award fees to the prevailing party in a copyright case. I believe that is a similar case. I think the KTS-Karaoke v. Sony decision, which I know is not presidential, I think that was a case as well, which has an accepted offer of judgment. That relied on Klamath, which I know, Your Honor, it stated there was no monetary damage because that was an environmental-based case, so they were seeking an equitable relief. And I think those are the major cases from this district. I think the third district in the Robb decision, if I'm not mistaken, also has an accepted offer of judgment where they stated that if the judicially sanctioned award is not in some way merit-based, it's simply a token payment by defendants sufficient to settle the litigation, which is what we had here, Your Honor. We had a situation where – What did they say about that, though? Because it's a different thing to say it's okay for the fees to be zero than it is for it to say that the prevailing party status – Correct, Your Honor. They said you're not prevailing party status. So they concluded that they did not receive prevailing party status because, under canon, they did not have any material alteration in the relationship – Correct. It was just a token. The court viewed it in light of the demand that they were seeking in that case. It was a token payment sufficient to settle – Like what case is that? I believe it's the Robb decision, Your Honor. I think it's cited on page 33 of the brief. I believe that is a Third Circuit case. I don't have – it's 833F3-286. I believe that that is the case. And I see my time is coming up, Your Honor, and I'll leave any remaining time for any remaining questions you may have. Thank you. Hello again. Just a few quick points that I would like to make, Your Honors. The appellee's counsel made much out of the question of whether an attorney's fees provision is mandatory or discretionary. And it really doesn't matter in this analysis because in either case you still have to answer the threshold question of whether the plaintiff is the prevailing party. The mandatory fee shifting won't kick in, same with discretionary fee shifting, unless the plaintiff has prevailed. The other point that I would like to make is with respect to the material alteration. The Farrar Court held that a judgment for damages, whether it's compensatory or nominal, modifies the defendant's behavior by forcing the defendant to pay amounts that he otherwise would not have paid. And that's exactly what occurred here. And what the plaintiffs asked for in their complaint was minimum statutory damages up to the maximum of $500,000 for five domain names infringed. And so minimum statutory damages actually would have been $5,000. It would not have been the $15,000 that was offered and accepted through the Rule 68 offer of judgment. So I think that the appellee's counsel has conceded that there was a judicially sanctioned change. This did occur by virtue of the offer of judgment that they made. And because it gave the defendants rights that they otherwise would not have had, it did affect a material alteration of their legal relationship. So I think that it's clear that the fact that the judgment was for $15,000 has no bearing on the question of whether they should be prevailing parties or not. And again, with respect to what the defendant refers to as voluntary action, I think that it's clear that the actions that were taken after the complaint were filed. And if your honors will recall, there was a June 1, 2016 email from one of the defendants saying something to the effect that there was a federal complaint filed a few days ago. We better get this book out of publication. So clearly the filing of the complaint had a material effect on the defendant's so-called voluntary actions. How much are you seeking in attorney's fees? Around $40,000 to $45,000, somewhere in that neighborhood, Your Honor. I also would say with respect to the issue that we were discussing before with whether or not we brought these factual errors to the judge's attention, there's no requirement, there's no condition precedent to file a motion for reconsideration before we file an appeal of the order. And we believe that that footnote actually is dicta. It was error for Judge Bolton to even reach the question of exceptionality because she applied the wrong analysis to the prevailing party question. I have some difficulty, and maybe you can help me with this, with Justice Scalia's statement in his concurring opinion. Something far less reasonable, an award of attorney's fees when the merits of the plaintiff's case remain unresolved, when, for all one knows, the defendant only abandoned the fray because of the cost of litigation, either financial or in terms of public relations, would be too great in such a case. It strikes me that that, from the Supreme Court, opens directly the findings that were made by the district judge. Why were her findings inconsistent with the Supreme Court mandate of how we're to look at these cases? Well, because, number one, we're not relying solely on so-called voluntary action for purposes of prevailing party status, Your Honor. The Buchanan case, there was no request for damages. They were only asking for the defendants to engage in certain conduct, which the defendants voluntarily chose to do, and then the plaintiffs moved for attorney's fees. In our case, we sought damages. We also sought injunctive relief. My clients obtained nearly all of the injunctive-type relief that they had requested, whether it was before the complaint was filed, but most of it was after the complaint was filed, and they also received more than the minimum statutory damages for the cyber-squatting claim. I believe I'm over my time. Any more questions? Thank you, both sides, for the arguments. The case is submitted.
judges: Wallace, Friedland, Lasnik